RECEIVED

JUN - 1 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-60020 |
| VERSUS | JUDGE DOHERTY |
| DAMIEN LAMONT CHEVIS | |

### RULING & ORDER

This Court is in receipt of A "Motion to Correct and Clarify Sentence"[Doc. 25], filed by defendant Damien Lamont Chevis. By way of the motion, defendant "prays that this Honorable Court correct and clarify for the record that he has served and should be given credit for time served from April 13, 2006 through November 20, 2006 as the defendant was in the custody of the Parish of St. Martin, Opelousas Louisiana and was detained during the entire period to time by the United States Marshall." [Id. at 1]

On October 27, 2006, defendant appeared before this Court and was sentenced to ten months incarceration for Theft of Public Money, Property or Records, in violation of 18 U.S.C. § 641. The Court *recommended* to the Bureau of Prisons that defendant receive credit for time served. However, the Court notes, "The attorney general, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003). Thus, calculation of credit for time served is within the purview of BOP, and BOP is under no obligation to follow the Court's *recommendation* as to the manner of calculation of credit for time served.

Notwithstanding the foregoing, the Court notes at the time of sentencing by this Court, defendant had numerous outstanding warrants pending in other courts (*i.e.* Eunice City Court and Opelousas City Court). Additionally, defendant had a pending criminal trial, set in state court in St. Landry Parish, on two counts of Armed Robbery with the Use of a Firearm, Attempted Armed Robbery with the Use of a Firearm, Aggravated Burglary, Unauthorized Use of a Motor Vehicle, Contributing to the Delinquency of a Minor, and Resisting an Officer by Flight. This Court's investigation appears to suggest defendant has not at any time since his sentencing by this Court been in the custody of the Federal Bureau of Prisons, but rather, has been in state custody that entire time period. Accordingly, even if this Court had the authority to grant the relief requested, such request would be premature, as defendant cannot know how the Federal Bureau of Prisons will calculate any credit for time served until he is in their custody.

Due to the foregoing, the Motion to Correct and Clarify Sentence is **DENIED**. THUS DONE AND SIGNED at Lafayette, Louisiana, this 1st day of June, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

6-1-11
CA
USPO
USMS